**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NY 10178**

(212) 808-7800

WASHINGTON, DC
CHICAGO, IL
HOUSTON, TX
LOS ANGELES, CA
SAN DIEGO, CA
PARSIPPANY, NJ
STAMFORD, CT
BRUSSELS, BELGIUM

AFFILIATE OFFICE
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

ANDREA L. CALVARUSO
DIRECT LINE: (212) 808-7853
EMAIL: acalvaruso@kelleydrye.com

June 10, 2019

**BY ECF**
The Honorable Kevin N. Fox
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    <u>*Steven Madden, Ltd. v. Jasmin Larian LLC d/b/a Cult Gaia*</u>, No. 18-cv-2043

Dear Judge Fox:

      We represent Defendant and Counterclaim Plaintiff Jasmin Larian, LLC d/b/a Cult Gaia ("Cult Gaia") in the above-referenced matter. We write to request a pre-motion conference regarding Cult Gaia's intention to file a motion to strike Steven Madden, Ltd.'s ("SML") untimely and improper consumer survey expert report pursuant to Fed. R. Civ. P. 26(a)(2) and 37(c). While styled as a rebuttal report, this expert consumer survey report does not rebut the testimony of any of Cult Gaia's expert reports within the meaning of the Federal Rules. Rather, it seeks to inject new expert issues into this proceeding that prejudice Cult Gaia by depriving it of the opportunity to provide a meaningful response.

      Rule 26 is unequivocal in defining a rebuttal expert as one "intended *solely* to contradict or rebut evidence on the same subject matter identified by another party under [the expert disclosure provisions of] Rule 26(a)(2)(B) or (C)...". Fed. R. Civ. P. 26(a)(2)(D)(ii) (emphasis added). The purpose of expert rebuttal evidence is to "explain or rebut evidence offered by an opponent." <u>McBeth v. Porges</u>, 2018 U.S. Dist. LEXIS 195094, *24 (S.D.N.Y. Nov. 15, 2018) *quoting* <u>United States v. Tejada</u>, 956 F.2d 1256, 1266 (2d Cir. 1992). The presentation of "new arguments" in a rebuttal report is prohibited. *See* <u>Ebbert v. Nassau Cty.</u>, No. CV 05-5445 (FB) (AKT), 2008 U.S. Dist. LEXIS 74213, at *40 (E.D.N.Y. Sep. 26, 2008) (citing cases) (granting motion to strike). Testimony is impermissible rebuttal when it addresses a topic that is absent from the affirmative expert report it purports to rebut, or otherwise has a connection that is "too attenuated" to the subject matter of the underlying report it purports to critique. *See* <u>McBeth</u>, 2018 U.S. Dist. LEXIS 195094 at *23-24.

**KELLEY DRYE & WARREN LLP**

June 10, 2019
Page Two

      Numerous courts construing the phrase "same subject matter" when evaluating the scope of permissible rebuttal have found "expert reports that simply address the same general subject matter as a previously-submitted report, but do not directly contradict or rebut the actual contents of that prior report, do not qualify as proper rebuttal or reply reports." <u>Withrow v. Spears</u>, 967 F. Supp. 2d 982, 1002 (D. Del. 2013) (observing "of course, at the highest level of abstraction, it can be said that both the [ ] rebuttal and the [disputed reply] are…about the same *general* subject matter…But in light of the fact that they discuss different and largely distinct topics relating to that general subject matter, the [disputed] reply cannot be deemed a proper reply report.").[1] The court in <u>Vu</u> explained the logic underpinning the rejection of invitations to accept broad constructions of the "same subject matter" in defining the proper scope of rebuttal, which are directed at ensuring the orderly administration of proceedings and that the finely drawn distinctions between an affirmative expert and rebuttal expert are not nullified:

> In its opposition, Costco argues that because Dr. Kelly opined on Connor's cause of death, Costco's Experts are entitled to opine on alternative causes of death because all of these opinions deal with the same subject matter. (Opp'n at 7-8.) Costco's argument does not make sense. If the phrase "same subject matter" is read broadly to encompass any possible topic that relates to the subject matter at issue, it will blur the distinction between "affirmative expert" and "rebuttal expert."  [*8] More importantly, such broad reading of Rule 26(a)(2)(C)(ii) will render the scope of the subject matter limitless and will lead to unjust results, such as the result Costco suggests in its opposition. Here, as a result of Costco's belated disclosure, Plaintiffs are prevented from rebutting any of Costco's expert opinions dealing with matters outside the scope of Dr. Kelly's report because the deadline for disclosing rebuttal experts has passed. This is a hornbook example of sandbagging, a litigation tactic this Court will not tolerate.

<u>Vu v. McNeil-PPC, Inc.</u>, No. CV 09-1656, 2010 U.S. Dist. LEXIS 53639, at *7-8 (C.D. Cal. May 7, 2010).

      Here, in accordance with the Court's Civil Case Management Plan and Scheduling Order, the parties identified the "anticipated types of experts" they would offer on three occasions.  Dkt.

---

[1] *See also* <u>Nunez v. Harper</u>, No. 13-cv-00392, 2014 U.S. Dist. LEXIS 34343, *10-11 (D. Nev. Mar. 12, 2014) (report improper rebuttal where it "does not directly address the findings i.e. the same subject matter of plaintiffs' experts' reports" notwithstanding that it "address[ed] the same general subject matter"); <u>WPS Inc. v. Am. Honda Motor Co.</u>, No. 16-cv-2525, 2017 U.S. Dist. LEXIS 155160, *9-10 (D.S.C. Sept. 22, 2017) ("[W]hile [disputed rebuttal reports] may address the same general issue in the case…they do not purport to even address the specifics of [the affirmative expert reports] and do not in fact do so" and therefore do not qualify as rebuttal); <u>Vu v. McNeil-PPC, Inc.</u>, No. CV 09-1656, 2010 U.S. Dist. LEXIS 53639 (C.D. Cal. May 7, 2010).

**KELLEY DRYE & WARREN LLP**

June 10, 2019
Page Three


29 at 2 §4(a) (original dated August 1, 2018); Dkt. 40 at 2 §4(a) (last amended May 14, 2019). SML did not identify a survey expert in either of these submissions. *Id.* Nor did it ever amend its response to identify such an expert. Per the schedule agreed to by the parties, the parties were required to identify their initial expert witnesses on or before April 23, 2019 and rebuttal reports on May 23, 2019.

On April 23, Cult Gaia timely served affirmative expert reports pursuant to Rule 26(a)(2)(B), including expert Robert Burke, an expert with 20 years in the fashion and retail industry. Mr. Burke opined that his experience and training gives him specialized knowledge of the retail industry relating to handbags including with respect to retail strategy, trends, branding, marketing, and the use of social media to achieve exposure to consumers.[2] Consistent with his experience and knowledge, he opined in sum that the overall design of the Ark Bag is distinctive and that Cult Gaia's marketing practices are in line with industry trends and allow it to reach a large number of consumers.

SML made the strategic choice to identify no affirmative experts on April 23. Prior to the deadline, SML sought and obtained an extension of the discovery deadlines on the basis that its rebuttal experts required more time to adequately review and respond to Cult Gaia's affirmative expert reports (Dkt. 108). On June 7, SML served the report of two experts: (1) Ms. Mendoza, who purports to have retail knowledge which rebuts the opinions of Mr. Burke and Ms. Genova; and (2) an improper affirmative consumer survey report by Matthew Ezell (the "Ezell Survey Report").

The Ezell Survey Report makes only a passing reference to the substance of Mr. Burke's report in a single paragraph. It does not does not evaluate, contradict, or rebut the specific content or evidence cited in Mr. Burke's report, which addresses the popularity, promotion and sale of the Ark bag from a retail perspective. Instead, the Ezell Survey Report consists solely of an explanation of a consumer survey he performed, which introduces new, affirmative arguments to support SML's claims for declaratory relief asserted in its Complaint (Dkt. 1). Mr. Ezell concludes: "*It is my opinion that the results of the survey conducted in this matter* support a finding that the appearance of the Cult Gaia Ark Bag does not have secondary meaning or acquired distinctiveness among the relevant universe of past and/or potential purchasers of the class of goods." *Id.* ¶5.

Nowhere in Mr. Burke's report does he attempt to "measure" the "level or degree…to which the appearance of the Cult Gaia Ark Bag is associated in buyers' minds with Cult Gaia" as

---

[2] Cult Gaia also submitted the affirmative report of retail and fashion expert Aneta Genova, which Mr. Ezell's report does not purport to rebut.

**KELLEY DRYE & WARREN LLP**

June 10, 2019
Page Four


Mr. Ezell purports to do.  Indeed, his report does not even reference, define, or opine on "the relevant universe of past and/or potential purchasers of the class of goods" whose preferences Mr. Ezell contends he has sought to measure.  Because the Ezell Survey Report proffers affirmative opinions as to subjects on which Mr. Burke has not opined and instead introduces new arguments, the Ezell Survey Report is improper rebuttal and must be stricken.[3]

SML may argue that the Ezell Survey Report is "intended solely to contradict or rebut evidence on the same subject matter" by Cult Gaia's industry expert on account of the fact that both experts reference the "distinctiveness" of the Ark Bag Trade Dress Design at issue.  Any such claim by SML does not withstand scrutiny. While it may be said that the reports of Mr. Burke and Mr. Ezell, "at the highest level of abstraction" are "about the same *general* subject matter," they evaluate and opine on "largely distinct topics relating to that general subject matter."  Withrow, 967 F. Supp. 2d at 1002. The extremely broad reading of "same subject matter" would—as many courts have observed—effectively nullify the finely drawn distinctions between an affirmative expert and rebuttal expert.

Cult Gaia will be prejudiced if the Ezell Survey is not stricken because it has not proffered any survey evidence and does not now have the opportunity to hire its own survey expert to substantively respond to SML's new consumer survey. Had SML previously disclosed its intent to potentially use a survey expert in the Scheduling Order that has been revised several times, Cult Gaia could have been prepared. SML well knows that survey experts take significant time to create. Therefore, its submission of a consumer survey under the guise of a rebuttal report, seems calculated to deprive Cult Gaia of the opportunity to respond.

SML's gamesmanship in disregarding the mandates of Rule 26 and the applicable scheduling order is emblematic of SML's approach to the entirety of this litigation.[4]  In light of SML's discovery tactics throughout this litigation, and because the enforcement of discovery

---

[3] As a common sense matter, the fact that the technical information in the survey cannot be evaluated by Mr. Burke, who is not a survey expert, is further evidence that the Ezell Survey Report does not "solely [] contradict or rebut" Mr. Burke's opinions.  Just as Mr. Ezell is not qualified to critique Mr. Burke's opinions based on his fashion and retail industry knowledge and retail experience, Mr. Burke has not sought to provide a consumer survey.  If the untimely and improper Ezell Survey Report is permitted, Cult Gaia will not have the opportunity to retain a survey expert in order to evaluate the sufficiency of the data and reliability of methodology in the Ezell Survey Report, among other things.

[4] Among other things, SML has filed a frivolous and retaliatory motion to compel (Dkt. 77) which it withdrew only after Cult Gaia opposed (Dkt. 90), as well as a premature and factually unsupported motion for summary judgment and an order to show cause to stay all discovery which was properly denied (Dkt. 80) after Cult Gaia demonstrated the discovery that remained outstanding (Dkt. 64-65).

**KELLEY DRYE & WARREN LLP**

June 10, 2019
Page Five

deadlines is essential in promoting the fair and efficient administration of justice, striking the Ezell Survey Report is an appropriate remedy.

Cult Gaia therefore requests a pre-motion conference to address its proposed motion to strike the untimely and improper report of SML's survey expert pursuant to Fed. R. Civ. P. 26(a)(2) and 37(c). Given the pending June 27 deadline for the completion of all expert discovery, Cult Gaia requests a conference at the Court's earliest convenience.

                        Respectfully submitted,

                        KELLEY DRYE & WARREN LLP

                        */s/ Andrea L. Calvaruso*