**Davis Wright Tremaine LLP**

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**G. Roxanne Elings**
(212) 603-6416 tel
(212) 379-5226 fax

roxanneelings@dwt.com

June 13, 2019

**BY ECF**

The Honorable Kevin N. Fox
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Steven Madden, Ltd. v. Jasmin Larian LLC d/b/a Cult Gaia,* Case No. 18-cv-2043

Dear Judge Fox:

We represent Plaintiff/Counterclaim Defendant Steven Madden, Ltd. ("SML") in the above-referenced matter. We write in response to the letter submitted by Defendant/Counterclaim Plaintiff Jasmin Larian LLC ("Cult Gaia"), filed on June 10, 2019 (Dkt. No. 112) ("June 10 Letter"), requesting a pre-motion conference to discuss striking the expert report of Matthew Ezell (the "Ezell Report").

Cult Gaia's letter is groundless and should be denied. In short, Cult Gaia seeks to strike the Ezell Report on the basis that it does not rebut the testimony of Cult Gaia's expert, Robert Burke (his testimony referred to herein as the "Burke Report"). While we largely agree with opposing counsel on the law – namely, that a rebuttal report is defined as one "intended solely to contradict or rebut evidence on the same subject matter identified by another party under [the expert disclosure provisions of] Rule 26(a)(2)(B) or (C)"[1] – we disagree strongly with Cult Gaia on the facts. A comparison of the two reports, which we attach here as **Exhibit 1** (Burke Report)[2] and **Exhibit 2** (Ezell Report) for the Court's consideration, clearly demonstrates that the Ezell Report squarely rebuts the opinions of Mr. Burke, and therefore qualifies as an expert report under the Federal Rules of Civil Procedure and governing case law.

Significantly, opposing counsel resorts to grossly mischaracterizing the Burke Report to advance its arguments. In its June 10 Letter, Ms. Calvaruso claims that the Ezell Report "does

---

[1] *See* June 10 Letter at 1; Fed. R. Civ. P. 26(a)(2)(D)(ii).

[2] We file the Burke Report under seal as **Exhibit 1** to protect its designation as Attorneys' Eyes Only.

June 13, 2019
Page 2

not equate, contradict, or rebut the specific content or evidence cited in Mr. Burke's report, which addresses the popularity, promotion and sale of the Ark bag from a retail perspective."[3] She fails to mention, however, that "Opinion 1" of the Burke Report, concludes with an opinion that the Ark bag has acquired secondary meaning.[4] Mr. Burke specifically states that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[5] That the Ark bag has acquired secondary meaning is the basis for each of Cult Gaia's counterclaims in this action.[6] The Burke Report, therefore, opened the door for SML to offer rebuttal evidence to contradict its claims of consumer perception of the Ark bag design.

The purpose of the Ezell Report is to refute the Burke Report by offering empirical data, in the form of a consumer survey, to demonstrate that consumers do not associate the design of the Ark bag with any single brand. Paragraph 3 of the Ezell Report is quite clear on this. Ms. Calvaruso's argument that the Ezell Report only makes "passing reference to the substance of Mr. Burke's report"[7] does not withstand scrutiny. The Ezell Report directly contradicts Mr. Burke's conclusion – that "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"[8] – with quantitative, scientific evidence.[9]

Cult Gaia claims that it will be prejudiced if SML may rely on the Ezell Report because it has not had the opportunity to submit survey evidence of its own. While a lack of survey evidence may indeed hinder Cult Gaia's case, this is not because of SML's (or Mr. Ezell's) actions. Cult Gaia, as the counterclaim plaintiff, has the burden of establishing secondary meaning and a consumer survey was an option available to Cult Gaia when it submitted its

---

[3] *See* June 10 Letter at 3 (emphasis added).

[4] Secondary meaning is defined as "a mental association in buyers' minds between the alleged mark and a single source of the product." *See* J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, Vol. 2 § 15:15.

[5] Burke Report at 5, ¶18(a); *see also* Burke Report at 10, ¶ 38; Burke Report at 6, ¶ 22.

[6] *See* Cult Gaia's Answer and Counterclaims, Dkt. No. 13 at ¶¶ 41-63.

[7] June 10 Letter at 3.

[8] Burke Report at ¶ 18(a).

[9] The fact that the Ezell Report directly contradicts an express opinion by Mr. Burke distinguishes this case from the cases that Cult Gaia cites in its June 10 Letter. In *Ebbert v. Nassau Cty.*, the expert report opined on "sixteen topics on which [the initial expert] failed to express an opinion." No. 05-5445, 2008 U.S. Dist. Lexis 74213, at *40 (E.D.N.Y. Sept. 26, 2008). In *Withrow v. Spears*, the rebuttal report passingly referred to how "airflow affected this collision," a topic which was alluded to in initial report, but failed to rebut any distinct conclusion of the initial expert. 967 F. Supp. 2d 982, 1002-03 (D. Del. 2013). Further, in *Vu v. McNeil-PPC, Inc.*, the rebuttal expert report focused on alternative theories of the subject's death rather than restricting its testimony to attacking the theories offered by the initial expert. No. 09-1656, 2010 U.S. Dist. LEXIS 53639, at *7-9 (C.D. Cal. May 7, 2010). Here, unlike in those cases, the Ezell Report focuses solely on attacking the theory of Mr. Burke ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

June 13, 2019
Page 3

expert reports on April 23.[10] Cult Gaia alternatively could have simply relied on factual witnesses to meet its burden of proof. Instead, Cult Gaia chose to put forth Mr. Burke, to opine that, "███████████████████████████████████████████████████████████████████████████████████████████████."[11] Cult Gaia cannot now claim to suffer prejudice simply because SML sought to rebut Cult Gaia's Burke Report with the type of survey evidence that it chose not to submit in the first instance.[12] SML was not limited to rebutting Cult Gaia's expert report with the same type of "industry expert" opinion that Cult Gaia proffered. As long as the Ezell Report seeks to disprove the opinions of the Burke Report,[13] which it does, the methodologies used by Mr. Ezell for his rebuttal opinion are not determinative. Indeed, "rebuttal experts may rely on new methodologies 'for the purpose of rebutting or critiquing the opinions of [the opposing party's] expert witness.'"[14]

Cult Gaia's June 10 Letter effectively asks this Court to construe the "same subject matter" language of Fed. R. Civ. P. 26(a)(2)(D)(ii) so narrowly that SML would have been constrained to rebutting the Burke Report using the same methodology used by Mr. Burke, namely, personal knowledge and experience.[15] Cult Gaia's position, however, is inconsistent with established law. In *Scott v. Chipotle Mexican Grill, Inc.*, this Court recognized that "district courts have been reluctant to narrowly construe the phrase 'same subject matter' beyond its plain language."[16] Here, both the Burke Report and Ezell Report opine as to whether Cult Gaia's Ark Bag is ████████████████████████████████████████████████████████

---

[10] Indeed, courts have regarded consumer surveys as the "most persuasive evidence of secondary meaning." *Vision Sports, Inc. v. Melville Corp.*, 888 F.2d 609, 12 U.S.P.Q.2d 1740, 1744 (9th Cir. 1989). *Accord Co-Rect Products, Inc. v. Marvy! Advertising Photography, Inc.*, 780 F.2d 1324, n.9, 228 U.S.P.Q. 429, n.9 (8th Cir. 1985) ("Consumer surveys are recognized by several circuits as the most direct and persuasive evidence of secondary meaning.").

[11] Burke Report at 6, ¶ 22.

[12] Hence, it is not SML's fault that "[n]owhere in Mr. Burke's report does he attempt to 'measure' the 'level or degree…to which the appearance of the Cult Gaia Ark bag is associated in the buyers' minds with Cult Gaia.'" June 10 Letter at 3-4.

[13] *Sci. Components Corp. v. Sirenza Microdevices, Inc.*, 03 Civ. 1851 (NGG) (RML), 2008 WL 4911440, at *2 (E.D.N.Y. Nov. 13, 2008) (quoting *Crowley v. Chait*, 322 F.Supp.2d 530, 551 (D.N.J.2004)) "Rebuttal evidence is properly admissible when it will explain, repel, counteract or disprove the evidence of the adverse party.").

[14] *Hart v. BHH, LLC*, 2018 WL 3471813, at *7-8 (S.D.N.Y. July 19, 2018) (*quoting Park W. Radiology v. CareCore Nat. LLC*, 675 F. Supp. 2d 314, 326 (S.D.N.Y. 2009) (permitting rebuttal report that used new methodologies to rebut the opinions of defendants' expert witness); *see also U.S. v. Tejada,* 956 F.2d 1256, 1267 (2d. Cir 1974) (noting that "[t]rial judges have 'wide discretion in permitting the introduction of evidence in rebuttal which might well have been brought out in the Government's case in chief.'")(quoting *U.S. v. Trapnell,* 495 F.2d 22, 25 (2d Cir. 1974)).

[15] June 10 Letter at fn. 3.

[16] *Scott*, 315 F.R.D. 33, 44 (S.D.N.Y. 2016) (quoting *Allen v. Diary Farmers of America, Inc.,* 09-cv-230, 2013 WL 211303, at *5 (D.Vt. Jan. 18, 2013)).

June 13, 2019
Page 4

███████. Applicable law permits the dueling reports to approach the subject differently – the Burke Report analyzes the subject from the perspective of a purported industry expert, and the Ezell Report analyzes the subject through a consumer survey.

Cult Gaia also appears to claim that that SML failed to timely disclose the Ezell Report on May 23.[17] This argument is baseless. Pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii), a party must disclose its rebuttal report (accompanied by a written report pursuant to Fed. R. Civ. P. 26(a)(2)(B)) within 30 days after the other party's disclosure of its initial report. The commentaries to Rule 26(a)(2)(D)(ii) clarify that while the deadline for rebuttal disclosures is typically 30 days, the Court ultimately has discretion to change this deadline.[18] Here, SML moved the Court for an extension of time to submit its rebuttal reports on May 10, which the Court granted on May 14 (Dkt. No. 109). This extended SML's deadline until June 7. Per the Court's order, SML timely submitted its expert reports on June 7.[19]

For the reasons discussed above, this Court should deny Cult Gaia's pre-motion letter as meritless and permit SML's Ezell Report. Notwithstanding, we are willing to confer on this issue to the extent that this Court finds it necessary.

Sincerely,

Davis Wright Tremaine LLP

*/s/ G. Roxanne Elings*

G. Roxanne Elings

---

[17] *See* June 10 Letter at 3 and 5 (referring to the Ezell Report as "untimely").

[18] *See also Park W. Radiology*, 675 F. Supp. 2d at 326 (party not prejudiced by the rebuttal report's timing when it was submitted in accordance with the schedule set by the magistrate judge).

[19] *See* June 10 Letter at 3 (Cult Gaia acknowledging that SML served its rebuttal reports on June 7).

4823-8904-5913v.3 0107904-000013