**Davis Wright Tremaine LLP**

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

G. Roxanne Elings
212.603.6416 tel
212.379.5226 fax

roxanneelings@dwt.com

June 17, 2019

**By ECF**

The Honorable Kevin N. Fox
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Steven Madden, Ltd. v. Jasmin Larian LLC d/b/a Cult Gaia*, No. 18-cv-2043

Dear Judge Fox:

      We represent Plaintiff Steve Madden, Ltd. ("SML") in the above-referenced matter and write in response to Defendant and Counterclaim Plaintiff Jasmin Larian, LLC d/b/a Cult Gaia's ("Cult Gaia" or "Defendant") June 14, 2019 letter concerning the availability of SML's expert witness, Mr. Matthew Ezell ("Mr. Ezell"). Defendant's demand that the Court direct SML to produce Mr. Ezell for deposition on June 27, 2019, or on any day between June 24 and June 28 is both unnecessary and unreasonable. Consequently, Defendant's demand should be denied. Likewise, Defendant's request to take Mr. Ezell's deposition outside of the discovery period is unnecessary and unreasonable and should also be denied.

      Predictably, Defendant mischaracterizes its correspondence with SML. On June 7, 2019, SML served Cult Gaia with two expert rebuttal reports – Mr. Ezell's report and the report of Sandra Mendoza ("Ms. Mendoza"). On June 10, 2019, Cult Gaia served SML with a subpoena seeking the deposition of Ms. Mendoza for June 26. SML has confirmed that Ms. Mendoza is available and will testify that day.[1] As it relates to Mr. Ezell, however, Defendant waited until June 12, 2019 – after it submitted its letter to the Court seeking to strike his report – to serve a subpoena seeking his deposition for June 27.

---

[1] After SML conferred with Ms. Mendoza, an out-of-state, non-party witness, SML confirmed her availability with Defendant on June 13, 2019 and amicably agreed to the noticed deposition on June 26, 2019—Defendant's preferred date.

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.
4846-4629-4426v.2 0107904-000013

June 17, 2019
Page 2

     After receiving Defendant's deposition notice for Mr. Ezell on June 12, 2019, SML promptly contacted Mr. Ezell to determine his availability. On June 13, 2019, after conferring with Mr. Ezell, SML notified Defendant that Mr. Ezell is not available on June 27, and suggested June 18 through June 20 as viable alternatives. Hence, contrary to Defendant's assertions, SML did not refuse to provide alternative dates without explanation.

     Defendant also never inquired about the reason(s) for Mr. Ezell's unavailability on Defendant's preferred deposition dates. The fact is that Mr. Ezell is not available between June 24 and June 28 because he will be out of the country. Mr. Ezell is a nonparty witness who resides and works in California.[2] As the president of a marketing research and consulting firm, he has legitimate professional and personal conflicts, which limit his flexibility to travel, prepare for, and participate in his deposition on any day that suits Defendant. However, as SML advised Defendant, Mr. Ezell can be available on any date between June 17, 2019 and June 21, 2019.

     While Ms. Calvaruso may be away the week of June 17, this should not prohibit Cult Gaia from taking Mr. Ezell's deposition before the discovery deadline.[3] To the extent Ms. Calvaruso is unavailable, there are several attorneys who assist her with this case who should be able to depose Mr. Ezell on one of the dates he is available. Defendant argues that "customary practice" necessitates lead counsel take an expert deposition. However, the other senior attorneys for Cult Gaia appear to be fully immersed in this matter, including one attorney who is designated as Special Counsel and has taken previous depositions in this action. Ms. Calvaruso is resolved to demand that Mr. Ezell's deposition fit her schedule despite the witness's conflict and Defendant's knowledge of a discovery schedule set by this Court long ago.

     Given the aforementioned reasons, SML opposes Defendant's requests.

---

[2] Defendant was notified of Mr. Ezell's out-of-state residence byway of his rebuttal expert report, produced to Defendant on June 7, 2019.

[3] The Court may recall that it previously granted a shorter discovery period due to Ms. Calvaruso's letter stating that she would be traveling abroad for two weeks beginning June 30, 2019. (*See* Dkt. Nos. 108-109). However, Defendant's counsel did not provide notice to the Court that she would also be unavailable during the week of June 17th. While Defendant contends that it provided SML notice concerning counsel's unavailability during the week of June 17th on June 3, 2019, said notice is neither sufficient nor excusable considering nearly three weeks had passed following the Court's Order that "no further request for an extension of the discovery deadline" would be considered absent "extraordinary circumstances." (*See* Dkt. No. 109). Despite the Court's clear directive, Defendant now moves to further extend its discovery deadline lacking extraordinary circumstance.

June 17, 2019
Page 3

Respectfully submitted,

Davis Wright Tremaine LLP

_____
G. Roxanne Elings