**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NY 10178**

(212) 808-7800

WASHINGTON, DC
CHICAGO, IL
HOUSTON, TX
LOS ANGELES, CA
SAN DIEGO, CA
PARSIPPANY, NJ
STAMFORD, CT
BRUSSELS, BELGIUM

AFFILIATE OFFICE
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

ANDREA L. CALVARUSO
EMAIL: acalvaruso@kelleydrye.com

**BY ECF**

JUNE 21, 2019

The Honorable Kevin N. Fox, U.S.M.J.
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007

   Re: <u>Steven Madden, Ltd. v. Jasmin Larian, LLC d/b/a Cult Gaia</u>; No. 18-cv-2043

Dear Judge Fox:

  At the Court's request (DE 115) (the "Order"), counsel for Steven Madden, Ltd. ("SML") and Jasmin Larian LLC d/b/a Cult Gaia ("Cult Gaia") conducted an in-person meet and confer on June 18, 2019 concerning the issues raised in Cult Gaia's June 10, 2019 request for leave to file a motion to strike the report and opinions of SML's consumer survey expert Matthew Ezell (DE 112) and SML's June 13, 2019 response (DE 113). The parties met for approximately 30 minutes. Paul Rosenthal for Cult Gaia and Roxanne Elings for SML met live at the offices of SML's counsel and Andrea Calvaruso for Cult Gaia participated via videoconference from Los Angeles. The parties were unable to resolve this dispute and per the Court's Order their positions are set forth below.

**Cult Gaia's Position:**

  As detailed in Cult Gaia's request for leave to file a motion to strike (DE 112), Plaintiff SML failed to serve any affirmative expert reports. As SML did not disclose it was contemplating offering a consumer survey expert in any iteration of the parties' joint scheduling order, Cult Gaia did not incur the expense of offering an affirmative consumer survey and did not offer any consumer survey opinions.[1] Instead, it offered the expert reports of fashion and retail industry expert, Robert Burke, and fashion and design expert, Aneta Genova. In response to Mr. Burke's expert report predicated on his fashion and retail expertise, SML seeks to offer the report of Mr. Ezell, who conducted a consumer survey purportedly designed to measure whether the Cult Gaia Ark bag has acquired secondary meaning.[2]

---

[1] "[S]urvey data is not a requirement, and secondary meaning can be, and most often is, proven by circumstantial evidence." 5 McCarthy § 32:190.

[2] This empirical study is offered to rebut one discrete facet of one opinion offered by Mr. Burke premised entirely upon his expertise in the retail and fashion industry: the "overall design of the Ark Bag is distinctive and consumers and members of the trade have come to associate this design with Cult Gaia or a single brand." (Ezell Rep. ¶ 3.) Mr. Ezell's affirmative survey introduces new argument and is beyond the scope of Mr. Burke's report and expertise.

Cult Gaia's Proposal:[3] Given the Court's denial of any further extension of the expert discovery period (DE 109, 118), and to obviate the need for briefing a motion to strike, Cult Gaia offered to withdraw the specific opinion from Mr. Burke which Mr. Ezell claims to rebut, and agree not to rely on that opinion in this litigation, if SML agreed to withdraw its rebuttal expert as moot. A plain reading of Rule 26 confirms that evidence under Rule 26(a)(2)(D)(ii) is conditioned upon the existence of expert evidence "on the same subject matter identified by another party." If there is no such expert evidence to "contradict or rebut" in the first instance, proffered expert evidence plainly does not qualify as rebuttal evidence pursuant to Rule 26(a)(2)(D)(ii). Precedent confirms the straightforward proposition that the absence of an affirmative expert opinion renders any expert offered in rebuttal a nullity. Camarata v. Experian Info Sols., Inc., 2018 U.S. Dist. LEXIS 35543, *6 (S.D.N.Y. Mar. 5, 2018) ("[I]f defendant does not offer any expert opinions, there is no expert testimony for plaintiff to rebut"); Meyer Mfg. Co., Ltd. v. Telebrands Corp., 2013 U.S. Dist. LEXIS 87200, *9 (E.D. Cal. June 19, 2013) (because defendant only disclosed survey on rebuttal, it would be foreclosed from offering survey if plaintiff "decides not to present [its expert's] report.").[4] Thus, if Cult Gaia withdraws the singular opinion referenced as the predicate for Mr. Ezell's "rebuttal", his report and opinions must be excluded.

SML declined this proposal on the basis that it would be prejudiced if it cannot use the consumer survey it incurred expenses to conduct. SML would not be unfairly prejudiced because SML could have submitted the survey expert report of Mr. Ezell as an initial report. SML instead decided to submit Mr. Ezell's consumer survey only as rebuttal, such that SML has a survey expert that Cult Gaia has no opportunity to rebut with its own survey expert.[5] SML's tactical decision to only submit its consumer survey as rebuttal carried the inherent risk that if Cult Gaia chose not to offer the opinion the survey alleged to rebut, SML would be precluded from relying upon its rebuttal survey expert.

Response to SML Proposal: SML represented that it disagreed with Cult Gaia's position and suggested only that the parties defer any decision on the motion to strike Mr. Ezell's opinions until the Court turns to SML's pending summary judgment motion. Cult Gaia rejected this proposal because (a) the motion is timely now and (b) Cult Gaia would be prejudiced by waiting until summary judgment because (i) SML will attempt[6] to submit and rely upon evidence on summary judgment that should be excluded from the record, particularly if Cult Gaia withdraws the affirmative opinion Mr. Ezell's report is offered to rebut, and (ii) it would not allow Cult Gaia time to take advantage of any potential alternative relief the Court may grant on a motion to strike, such as allowing Cult Gaia to engage a reply survey expert.

---

[3] Cult Gaia proposed that each party review the other's portion of this letter to confirm that each party correctly understood the other's proposal before submission to the Court. SML declined and refused any further conferral.

[4] *See also* Luitpold Pharm., Inc. v. ED. Geistlich Sohne, 2015 U.S. Dist. LEXIS 123591, *24 (S.D.N.Y. Sep. 16, 2015); Sec. Inv'r Prot. Corp. v. B. L. Madoff Inv. Sec. LLC, 581 B.R. 370, 384 (Bankr. S.D.N.Y. 2017).

[5] Further belying any claim of prejudice to SML is SML's own motion for summary judgment filed over four (4) months ago (DE 42.) SML's unequivocal position in that Motion is that the record as of February 15, 2019 was such that SML was entitled to judgment as a matter of law on all claims in this proceeding. Any claim of prejudice resulting from the absence of expert evidence disclosed months after that filing is dubious.

[6] Cult Gaia does not believe any supplementation of SML's pending summary judgment motion is appropriate.

The proposed motion to strike is supported by law. Mr. Ezell's report consists solely of an explanation of a consumer survey he conducted and the opinions he offers are based solely upon that survey. These opinions are of a new and different kind than those offered by Mr. Burke, arise in a different field of expertise, and purport to offer a wholly different conclusion than anything offered by Mr. Burke. Mr. Burke is not a survey expert and Mr. Ezell is not an expert in the fashion and retail industry. Neither has the expertise to critique the expert opinions of the other. Thus, Mr. Ezell's report is not proper rebuttal and should be stricken. The cases upon which SML relies (DE 113) found that rebuttal expert testimony was proper where it focused on critiques of an affirmative expert's premise or methodology. ***That is not the case here.*** Mr. Ezell's report seeks to introduce an entirely new and different area of testimony that is, only at the very highest level of abstraction, related to one discrete aspect of Mr. Burke's opinions. Beyond the one passing, introductory reference to one facet of one of Mr. Burke's conclusions, Mr. Ezell does nothing to analyze or critique Mr. Burke's opinions.

Because Mr. Ezell's opinions are not "intended solely to contradict or rebut evidence on the same subject matter identified by" Mr. Burke, they fail to qualify as proper rebuttal opinions under Fed. R. Civ. P. 26(a)(2)(D)(ii) and should be stricken. McBeth v. Porges, 2018 U.S. Dist. LEXIS 195094, *23-24 (S.D.N.Y. Nov. 15, 2018) (finding it impermissible to offer opinions "too attenuated" to affirmative expert); Ebbert v. Nassau Cty., 2008 U.S. Dist. LEXIS 74213, *40 (E.D.N.Y. Sept. 26, 2008) (granting motion to strike where expert presented "new arguments" in rebuttal report).[7]

Accordingly, Cult Gaia respectfully requests that if the Court does not consider a motion to strike the report and testimony of Mr. Ezell as improper rebuttal, it should permit briefing on the issue of whether SML is precluded from relying upon Mr. Ezell's rebuttal if Cult Gaia withdraws the single opinion for which Mr. Ezell was offered to rebut.[8]

**SML's Position:**

Cult Gaia proposed that SML withdraw Mr. Ezell's report in exchange for Cult Gaia withdrawing those portions of Mr. Burke's report that directly opine on secondary meaning, leaving in the record Mr. Burke's opinion as to sales and advertising to support Cult Gaia's circumstantial evidence of secondary meaning.[9] SML rejected Cult Gaia's proposal because it would significantly prejudice SML's ability to contest Cult Gaia's claims of secondary meaning,[10] while bolstering Cult Gaia's arguments with respect to secondary meaning.

---

[7] *See also* DE 112 (citing additional cases)
[8] Cult Gaia reserves its rights to move to preclude Mr. Ezell's testimony on all other grounds.
[9] Mr. Burke also opines on distribution of the Ark bag (Report of Robert Burke ("RB"), ¶¶ 26-34); purported imitation of the Ark bag (RB at ¶¶33-43) and marketing practices for the Ark bag (RB at ¶¶44-65).
[10] *See* Cult Gaia's Answer and Counterclaims, Dkt. No. 13 at ¶¶ 41-63.

Cult Gaia's lead-counsel is an experienced trademark attorney.[11] She knows that Cult Gaia has the burden of proof on secondary meaning.[12] She also knows that retailers' opinion testimony as to consumer recognition (which is the sum of Mr. Burke's secondary meaning opinion) is of little value because it does not reflect the views of the consumer class.[13] Finally, she knows that "one of the most scientific methods of determining the mental associations of the relevant purchaser class is to conduct a survey of the purchasers themselves."[14] Cult Gaia made a strategic decision in submitting Mr. Burke's report. Now, only after SML (at SML's considerable expense): (i) has rebutted Mr. Burke's report with Mr. Ezell's survey evidence; and (ii) deposed Mr. Burke, knowing that Mr. Ezell's survey evidence[15] was also of record, Cult Gaia essentially seeks a do-over. SML's counsel does not believe it should be in the position of granting second chances to opposing counsel at its own client's expense.

SML offered to resolve the dispute concerning Cult Gaia's request to strike Mr. Ezell's report by recommending that Cult Gaia withdraw its request at this time but preserve its right to bring the motion during the briefing of the motion for summary judgment and/or through a motion *in limine* in advance of trial. SML believes this proposal preserves both parties' arguments with respect to whether Mr. Ezell's report is a proper rebuttal[16] without unjustly jeopardizing SML's right to defend Cult Gaia's claims. This proposal also allows the parties to move forward with the timely completion

---

[11] Cult Gaia's lead counsel, Ms. Calvaruso, is touted on her firm's website as a highly experienced trademark litigator. In fact, she chairs her firm's Trademark and Copyright practice group and *Chambers USA* has recognized her as "understand[ing] IP inside out."

[12] *Urban Group Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*, 2012 WL 3240442 (S.D.N.Y. 2012) (party attempting to establish legal protection for trade dress has burden to plead and prove secondary meaning); *Norwich Pharmacal Co. v. Sterling Drug, Inc.*, 271 F.2d 569, 573 (2d Cir. 1959), *cert. denied*, 362 U.S. 919 (1960) (party attempting to establish legal protection for a non-inherently distinct mark "must prove the existence of secondary meaning").

[13] *Clairol Inc. v. Gillette Co.*, 389 F.2d 264, 271, n.17 (2d Cir. 1968); *see also* 2 *McCarthy on Trademarks and Unfair Competition* § 15:39 (5th ed.).

[14] J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, Vol. 2, § 15:42.

[15] Without Mr. Ezell's survey in evidence, SML's deposition of Mr. Burke would have included significant additional questioning on Mr. Burke's opinion as to sales and advertising to support Cult Gaia's circumstantial evidence of secondary meaning.

[16] SML continues to maintain that Mr. Ezell's rebuttal report is proper and timely, as discussed more fully in SML's June 13, 2019 response (the "SML Letter"). *See* Dkt. No. 113 at pgs. 3-4. SML is not limited to rebutting Cult Gaia's expert report with the same type of "industry expert" opinion that Cult Gaia proffered. As long as the Ezell Report seeks to disprove the opinions of the Burke Report, which it does, the methodologies used by Mr. Ezell for his rebuttal opinion are not determinative. *See Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 44 (S.D.N.Y. 2016); *Allen v. Dairy Farmers of America, Inc.*, 2013 WL 211303, at *5 (D. Vt. Jan. 18, 2013); and *Roberts v. Los Alamos Nat'l Sec.*, LLC, 2016 U.S. Dist. LEXIS 110844, *7 (S.D.N.Y. 2016). Indeed, the "same subject matter" language simply requires that a rebuttal report address the same topic as the affirmative report, as opposed to the same topic and methodology the affirmative expert relied on. *TC Sys. Inc. v. Town of Colonie, New York*, 213 F. Supp. 2d 171, 180 (N.D.N.Y. 2002). *See also Armstrong v. I—Behavior Inc.*, 2013 WL 2419794, at *3-4 (D. Colo. June 3, 2013) ("[T]he Court does not cabin the meaning of the 'same subject matter' to mean that a rebuttal witness must meet an affirmative expert report with the same methodology."); *Allen*, 2013 WL 211303, at *5 ("It is also acceptable for an expert to use new methodologies in a rebuttal for the purpose of rebutting or critiquing the opinions of Defendants' expert witness." (quotation and citation omitted)). Applicable law therefore permits Mr. Ezell's report. For this reason, as well as the others stated in the SML Letter, we believe that this Court should deny Cult Gaia's request to strike Mr. Ezell's report. Cult Gaia will have an opportunity to contest Mr. Ezell's report in advance of trial in the form of a motion *in limine*.

of discovery and takes into account the Court's and the parties' resources by consolidating the timing of motions to be considered in this matter.

Cult Gaia rejected SML's proposal. Cult Gaia claims that waiting to strike Mr. Ezell's report would prejudice Cult Gaia by denying it the opportunity to submit its own consumer survey or critique to rebut Mr. Ezell's opinion. As SML responded at the meet and confer, this is not a real and present prejudice and not a proper subject of the meet and confer requested by the Court. Cult Gaia had the opportunity but chose not to submit a consumer survey (see discussion above). Cult Gaia did not seek leave to file a sur-rebuttal in its' June 10, 2019 Letter (Dkt. No. 112),[17] and with two weeks to go before close of discovery, Cult Gaia still has not sought such relief. Given this Court's order that "no further extensions for discovery will be granted absent extraordinary circumstances," Cult Gaia should have timely raised its desire to submit a sur-rebuttal report with its request to strike Mr. Ezell's report. Moreover, because it is Cult Gaia's burden to prove secondary meaning, it cannot use a sur-rebuttal report as an "opportunity for the correction of any oversights in the plaintiff's case in chief." *Ironshore Ins., Ltd. v. W. Asset Mgmt. Co.*, 2013 WL 2051863 (S.D.N.Y. 2013) *citing Crowley v. Chait*, 322 F. Supp. 2d 530, 551 (D.N.J. 2004); *see also Noffsinger v. The Valspar Corp.*, 2011 WL 9795, at *6 (N.D.Ill. Jan. 3, 2011) *citing Peals v. Terre Haute Police Dept.*, 535 F.3d 621, 630 (7th Cir.2008) (a "party may not offer testimony under the guise of 'rebuttal' only to provide additional support for his case in chief"). Clearly, this express legal directive against such sur-rebuttals and Cult Gaia's delay shows that there are no "extraordinary circumstances" warranting an extension of the expert discovery deadline.[18] As such, Cult Gaia did not articulate any real prejudice in SML's proposal.

SML thus requests that this Court deny Cult Gaia's request to make a motion to strike Mr. Ezell's rebuttal report as improper, or in accordance with SML's proposal, that the Court advise Cult Gaia to seek this relief in the course of the summary judgment briefing or prior to trial.

Respectfully submitted,

KELLEY DRYE & WARREN LLP    DAVIS WRIGHT TREMAINE LLP

*/s/ Andrea L. Calvaruso*    */s/ G. Roxanne Elings*


cc:    All counsel of record via ECF notification

---

[17] Cult Gaia's only request was "a pre-motion conference to address its proposed motion to strike the untimely and improper report of SML's survey expert pursuant to Fed. R. Civ. P. 26(a)(2) and 37(c)." Dkt. No. 112 at p. 5.

[18] We note that Cult Gaia previously stated that expert discovery should not be extended in this action. *See* Dkt. No. 109 (noting that Cult Gaia opposes SML request for extension of expert discovery). Notably, now that this position is no longer convenient for Cult Gaia, it seeks an extension of the expert discovery deadline.